**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MICHAEL JACKSON, | : | |
| Plaintiffs, | : | Hon. Joseph H. Rodriguez |
| v. | : | |
| | | Civil Action No.   13-1605 |
| TRUMP ENTERTAINMENT | : | |
| RESORTS, | : | |
| INC.; TRUMP ENTERTAINMENT | | |
| RESORTS HOLDINGS, LP; TRUMP | : | |
| MARINA ASSOCIATES, LP; | | |
| GOLDEN NUGGET RESTAURANTS, | : | ORDER |
| INC.; GOLDEN NUGGET GAMING, | | |
| INC.; and GOLDEN NUGGET A/C | : | |
| GAMING, INC. | : | |
| Defendants. | : | |

**JURY INSTRUCTIONS**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................... 3

CONSIDERATION OF INSTRUCTIONS AS A WHOLE .................................... 4

FUNCTION OF JUDGE AND JURY ................................................................... 5

CONSIDERATION OF THE EVIDENCE............................................................ 7
    A.   The Evidence in the Case................................................................... 7
    B.   Statements by the Lawyers................................................................ 8
    C.   Statements by the Judge ................................................................... 9
    D.   Sidebar Conferences........................................................................ 10
    E.   Information From Outside the Courtroom....................................... 10
    F.   Use of Notes ..................................................................................... 11

DIRECT AND CIRCUMSTANTIAL EVIDENCE ...............................................12

CREDIBILITY OF WITNESSES........................................................................ 14

CORPORATIONS ENTITLED TO IMPARTIALITY .........................................17

IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS....................... 18

BURDEN OF PROOF ........................................................................................ 19

NATURE OF THE CLAIM .................................................................................21

ELEMENTS OF PLAINTIFF'S CLAIM ............................................................ 22
    A.  Disability Discrimination ................................................................. 22
    B.  Retaliation ....................................................................................... 24

DAMAGES..........................................................................................................31
    A. Compensatory ....................................................................................31
    B.  Nominal ........................................................................................... 34

DAMAGES ADMONITION ............................................................................... 35

DUTY TO DELIBERATE ...................................................................................36

SELECTION OF FOREPERSON AND JURY VERDICT FORM ...................... 37

## INTRODUCTION

Members of the Jury:

You have now heard all the evidence in the case as well as the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law you must follow and apply in arriving at your decision in this case.

Before doing so, the Court wishes to express its sincere appreciation for the services that you have rendered as jurors in discharging one of your most important duties as citizens.

Each of you has made a considerable sacrifice. You have been most attentive, cooperative, and patient to counsel and to the Court. For all of this we are grateful.

## CONSIDERATION OF INSTRUCTIONS AS A WHOLE

You are to consider these instructions as a whole.   Each part or phrase of the instructions is to be considered and applied together with all other parts and phrases of the instructions.   In other words, you must not pick out some particular instruction or some particular portion of an instruction and overemphasize it and apply it without considering and keeping in mind all of the other instructions given to you as the whole law of the case.   Your duty in the case is to determine the facts from the evidence.   Therefore, you are to consider and determine the facts in accordance with these instructions.

## FUNCTION OF JUDGE AND JURY

In any jury trial there are, in effect, two judges. I am one of the judges; the other is you, the jury. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

You, the jurors, are judges of the facts. But in reaching your verdict in this case–that is, in reaching your decision as to the facts–you are required to accept and apply the law I am now in the process of defining for you. You are not to be concerned with the wisdom of any rule of law stated by me. It would be a violation of your sworn duty to base your verdict on any view of the law other than that given to you in these instructions.

If any attorney has stated a legal principle different from any I state to you in my instructions, it is my instructions as to that legal principle you must follow.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life.

It is also your duty to base your verdict solely on the evidence in this case, without prejudice, bias, or sympathy. That was the promise you

5

made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

## CONSIDERATION OF THE EVIDENCE

### A.   The Evidence in the Case

As I said, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case.   The term "evidence" includes the following:

Stipulations or agreements reached between counsel for the parties. A stipulation is an agreement by the parties that certain facts are true. With respect to any such stipulations or agreements, you must accept and regard any agreed-upon facts as conclusively proven.

You will also be considering other evidence that you may or may not accept as conclusive, as I will discuss later.   That evidence includes the following:

First, the sworn testimony of the witnesses, regardless of which party called them.

Second, all exhibits admitted into evidence, regardless of which party may have authored or produced the exhibits or used them at trial.

Third, deposition testimony of witnesses and prior videotaped testimony, consisting of answers under oath to questions asked of certain witnesses before the trial.   The testimony of a witness may be presented in this way.   Such testimony is entitled to the same consideration, and is to be judged as to believability, weighed and otherwise considered by you, insofar

as possible, as if the witness had been present and testified from the witness stand.

Any evidence as to which an objection was sustained by the court must be entirely disregarded unless the evidence was received for a limited purpose, in which event you must continue to observe the instructions I gave you at the time that evidence was admitted.   Any evidence ordered stricken by the Court or not admitted for any limited purpose must be entirely disregarded.   The Court did admit Exhibit P. 30 for the sole purpose of determining whether it played any part in Barbara Hulsizer's decision making and not for any other purpose.

I will now talk some more about certain things that are evidence and certain things that are not evidence.   Later, I will discuss how you should evaluate that which is evidence.

### B.   Statements by the Lawyers

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case, because they are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.   If the facts as you remember them differ in any way from the way the lawyers have stated them, your memory of the facts controls.

Note also that questions asked by the lawyers are not evidence; only

the witnesses' answers to those questions are evidence.   At times, the lawyers incorporated into their questions a statement which assumed a certain fact to be true, and asked the witness if the statement was true.   If the witness denied the truth of the statement, or did not know or could not remember whether or not it was true, then you may not consider it to be true simply because it was contained in a lawyer's question.   The witnesses, in their answers, not the lawyers in their questions, provide the evidence you should consider.

Similarly, representations by lawyers as to what a witness testified to or what a document shows is not evidence.   Only the witness's actual testimony or the document itself, if it is admitted, is evidence.

In the final analysis, it is your own recollection and interpretation of the evidence that is most important.   What the lawyers say they think the evidence shows is not binding on you.

Remember also that lawyers have a duty to their clients to object to things they contend are improper under the rules of evidence.   You should not be influenced by the objections or by my rulings on them.

## C.   Statements by the Judge

During the course of the trial, I occasionally made comments to the lawyers.   Do not assume from anything I may have said that I have any

9

opinion concerning the issues in this case or how this case should be decided by you.   Except for my instructions to you on the law, and my rulings on objections, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

I recognize that a judge can have a considerable influence on a jury. If you think you have gleaned some opinion as to how I think the case should be decided, I want you to disregard it.   You are the judges of the facts.   It is your verdict and not mine.

### D.   Sidebar Conferences

Occasionally during this trial you saw counsel confer with the Court at what we call sidebar.   These conferences between the Court and counsel concern legal questions on which I have ruled.   All of these conferences pertain solely to legal phases of the case and do not concern your function as jurors.   You should not speculate on such matters in your deliberations.

### E.   Information From Outside the Courtroom

In your deliberations you are to disregard any information about the case you may have received from sources outside this courtroom.   You must confine your consideration of this case solely to evidence presented during trial.

10

## F.   Use of Notes

You may use the notes taken by you during the trial.   However, the notes should not be substituted for your memory.   Remember, notes are not evidence.   If your memory should differ from your notes, then you should rely on your memory and not on your notes.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence.   One is direct evidence, such as the testimony of an eyewitness, that is, somebody who saw or heard something done or said.   The other is indirect or what we call circumstantial evidence, which is the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

The classic example of circumstantial evidence that I use comes from the story of Robinson Crusoe, who, believing himself alone on an island, was able to know he was in fact not alone by finding footprints larger than his own in the sand even though he had not actually seen the other person. As with Robinson Crusoe, the law permits you to draw such reasonable inferences from the evidence that you feel are justified in the light of common experience.

The law makes no distinctions between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with all the evidence in the case, both direct and circumstantial.

While you are free to draw inferences based on circumstantial evidence and are not limited solely to what you see or hear as the witnesses testify, remember that an inference is not a suspicion or a guess.   It is a

reasoned, logical conclusion that a disputed fact exists on the basis of another fact that has been shown to exist. In other words, you are not limited to the bald statements of the witnesses and may make deductions and reach conclusions which reason, common sense, and experience lead you to draw from facts that have been established by the evidence in the case, but you may not speculate or guess that such a fact exists. Remember also that while one or another of the lawyers may have asked you to draw inferences or reach conclusions from certain evidence, you may refuse to do so if those inferences or conclusions are not supported by the evidence or do not make sense to you.

## CREDIBILITY OF WITNESSES

Now, I said earlier that you must consider all the evidence.

In considering the testimony of the witnesses, for example, you are the sole judges of the credibility or "believability" of that testimony and the weight to be given to that testimony.

In weighing the testimony of a witness, you should consider the witness's interest, if any, in the outcome of the case; the witness's appearance and conduct and manner of testifying; the witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified; and the witness's candor, fairness, and intelligence.   You should also consider the extent to which the witness has been supported or contradicted by other credible evidence.   You may, in short, believe or disbelieve all or any part of the testimony of any witness.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit that testimony.   Two or more persons witnessing an event may see it or hear it differently.   Moreover, innocent misrecollection, like failure of recollection, is not an uncommon experience.   In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy appears to result from honest disagreement, innocent error, or intentional falsehood.

You may consider that the events of this case took place a number of years ago.   This obviously plays a role in the ability of individuals to remember certain events.   You must determine for yourself whether a witness's imperfect recollection is the result of an honest effort to remember or whether it is motivated by something else.

In weighing and evaluating the testimony of witnesses, the number of witnesses is not controlling.   The test is not which side has produced the greater number of witnesses.   We do not count the number of witnesses. Rather, we weigh their testimony.   The true test is, which witness or witnesses and which evidence appeal to your minds as being most accurate

15

and trustworthy.

Remember, you are seeking to piece together the whole story from all the evidence.   Therefore, if an individual's testimony appears incomplete, you may accept it for what it is and attempt to use it as an accurate piece of the whole story or you may disregard it in whole or in part to the extent you deem appropriate.

You may also consider whether a witness may have a personal interest in some way in the outcome of this case.   There is no magic formula I can give you for evaluating the credibility of witnesses.   You bring into this courtroom your own everyday experience.   You have spent your lives judging what people are saying to you, whether it is true or not, whether people are stretching things to serve their own purposes, and so on. You should do that here as well.

16

## CORPORATIONS ENTITLED TO IMPARTIALITY

The fact that the Defendant is a corporation shall have no bearing on your findings.   In the eyes of the law, both individuals and corporations are equal and both entitled to be judged by the same standards of fairness and impartiality.   The case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life.   A corporation is entitled to the same fair trial at your hands as a private individual.

17

## IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different from or inconsistent with his or her testimony here in court.   The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.   It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters.   You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

## BURDEN OF PROOF

In a civil action such as this, with respect to each claim involved, one party or the other will have the burden of proving every essential element of that claim. Since the Plaintiff has instituted this action, he has the burden of proof on each and every element of each of his claims. The burden in this case is proof by a <u>preponderance</u> of the credible evidence.

A <u>preponderance</u> of the credible evidence means such evidence as, when considered and compared with that evidence opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a fact by a preponderance of the credible evidence means to prove that the fact is more likely so than not so. If the evidence is evenly balanced so that you are unable to say that the evidence on either side of an issue preponderates, then your finding upon that issue must be against the party who had the burden of proving it.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That is a stricter standard, that is, it requires more proof than a preponderance of the credible evidence. The reasonable doubt standard does not apply to a civil case and you should therefore put it

out of your minds.

## NATURE OF THE CLAIM

In this case the Plaintiff Michael Jackson makes a claim based on a federal law known as the Americans with Disabilities Act, which will be referred to in these instructions as the ADA and the New Jersey state law prohibiting disability discrimination and retaliation, which will be referred to in these instructions as the NJLAD.   The considerations for liability under the ADA are the same as those for the NJLAD.   If you find liability under the ADA, you must also find liability under the NJLAD.

Under the ADA, an employer may not deprive a person with a disability of an employment opportunity because of that disability, if that person is able, with reasonable accommodation if necessary, to perform the essential functions of the job.

Mr. Jackson's claim under the ADA is that Golden Nugget did not hire him because of Mr. Jackson's disabilities, and/or in retaliation for requesting a reasonable accommodation and/or complaining about the failure to accommodate his disability.

Golden Nugget denies Mr. Jackson's claims. Further, Golden Nugget asserts that Mr. Jackson was not hired for non-discriminatory reasons.

21

As you listen to these instructions, please keep in mind that many of the terms I will use, and you will need to apply, have a special meaning under the ADA and the NJLAD. So please remember to consider the specific definitions I give you, rather than using your own opinion of what these terms mean.

## ELEMENTS OF PLAINTIFF'S CLAIM

A. Disability Discrimination

Mr. Jackson claims that he was not hired by Golden Nugget when it took control of the casino property because of his disability. In order for Mr. Jackson to recover on this discrimination claim against Golden Nugget, Mr. Jackson must prove that Golden Nugget intentionally discriminated against him. This means that Mr. Jackson must prove that his disability was a determinative factor in the decision not to hire Mr. Jackson.

To prevail on this claim, Mr. Jackson must prove by a preponderance of the evidence that his disability was a determinative factor in Golden Nugget's decision not to hire him in May 2011.

Although Mr. Jackson must prove that Golden Nugget acted with the intent to discriminate, he is not required to prove that Golden Nugget acted with the particular intent to violate the law. Moreover, Mr. Jackson is not

required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

Golden Nugget has given a nondiscriminatory reason for its decision not to hire Mr. Jackson, namely Mr. Jackson's alleged inability to adapt to change, his failure to support management's goals, and his negative and hostile attitude toward management. If you disbelieve Golden Nugget explanations for its conduct, then you may, but need not, find that Mr. Jackson has proved intentional discrimination. In determining whether Golden Nugget stated reason for its actions was a pretext, or excuse, for discrimination, you may not question Golden Nugget business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of Golden Nugget or believe it is harsh or unreasonable. You are not to consider Golden Nugget wisdom. However, you may consider whether Golden Nugget reason is merely a cover-up for discrimination.

Ultimately, you must decide whether Mr. Jackson has proven that his disability was a determinative factor in Golden Nugget's decision not to hire him in May 2011. "Determinative factor" means that, if not for Mr.

Jackson's disability, Golden Nugget would have hired him. Mr. Jackson need not prove that his disability was the sole or exclusive consideration, but that his disability made a difference in Golden Nugget's decision to not hire him.

If you find that Mr. Jackson would not have been hired, regardless of his disability, Mr. Jackson has not met his burden, and you must enter a verdict in favor of Golden Nugget.

B. Retaliation

Mr. Jackson claims that Golden Nugget retaliated against him because he requested a reasonable accommodation and/or complained of being denied a reasonable accommodation for his disability. Golden Nugget denies these allegations and instead maintains that it failed to hire him solely for a non-retaliatory reasons, such as Mr. Jackson's alleged failure to support management's goals, his inability to adapt to change, and his hostile attitude toward management.

To prevail on his claim, Mr. Jackson must prove all of the following elements by a preponderance of the evidence:

> **First:** He requested a reasonable accommodation and/or complained about the failure to accommodate his disability.

24

**Second:** There was a causal connection between Golden Nugget's failure to hire him and Mr. Jackson's request for a reasonable accommodation and/or complaint about the failure to accommodate his disability, sufficient to show that his request for a reasonable accommodation and/or complaint about the failure to accommodate his disability played a role in the decision and made an actual difference in the defendant's decision to not select him for hire.

I will now discuss each of these two elements with you in more detail:

### (1) The "Protected Activity" Element of Plaintiff's Case:

To establish this first element of his case, the Mr. Jackson need not prove the merits of the reasonableness of his request for an accommodation and/or his alleged complaint about the failure to accommodate his disability, but only that, in doing so, he was acting under a good faith and reasonable belief that his right to a reasonable accommodation for his disability was violated.

### (2) The "Causal Connection" Element of Plaintiff's Case:

The second and final element is whether the Mr. Jackson can prove the existence of a causal connection between the protected activity and the alleged retaliation by his employer. Ultimately, in considering this third element of Mr. Jackson's case, you must decide whether Mr. Jackson's request for a reasonable accommodation and/or alleged complaint about the failure to accommodate his disability played a role in and made an actual difference in Golden Nugget's decision not to hire him. It is the Mr.

Jackson's burden to prove that it is more likely than not that, Golden Nugget retaliated against him because of his request for a reasonable accommodation and/or his alleged complaint about the failure to accommodate his disability.   That is the ultimate issue you must decide: did the defendant fail to hire Mr. Jackson because of his request for a reasonable accommodation and/or his alleged complaint about the failure to accommodate his disability.   Mr. Jackson may prove this directly, by proving that a retaliatory reason more likely than not motivated Golden Nugget's action, or indirectly, by proving that Golden Nugget stated reason for its action is not the real reason for its action.

You may find that Golden Nugget had more than one reason or motivation for its actions. For example, you may find that Golden Nugget was motivated both by Mr. Jackson's request for a reasonable accommodation and/or his alleged complaint about the failure to accommodate his disability and by other, non-retaliatory factors, such as Mr. Jackson's alleged failure to support management's goals, his inability to adapt to change, and his hostile attitude toward management.   To prevail, Mr. Jackson is not required to prove that his request for a reasonable accommodation and/or alleged complaint about the failure to accommodate

26

his disability was the only reason or motivation for the defendant's actions. Rather, the plaintiff must only prove that his request for a reasonable accommodation and/or alleged complaint about the failure to accommodate his disability played a role in the decision and that it made an actual difference in Golden Nugget's decision.

If you find that Mr. Jackson's request for a reasonable accommodation and/or alleged complaint about the failure to accommodate his disability did make an actual difference in Golden Nugget's decision, then you must enter judgment for the plaintiff.   If, however, you find that Golden Nugget would have made the same decision regardless of the plaintiff's request for a reasonable accommodation and/or alleged complaint about the failure to accommodate his disability, then you must enter judgment for Golden Nugget.

Because direct proof of intentional retaliation is often not available, Mr. Jackson is allowed to prove retaliation by circumstantial evidence.   In that regard, you are to evaluate whatever indirect evidence of retaliation that you find was presented during the trial.

One kind of circumstantial evidence can involve the timing of events,

*i.e.*, whether the defendant's action followed shortly after the defendant became aware of the plaintiff's request for a reasonable accommodation and/or complaint about the failure to accommodate his disability. While such timing may be evidence of retaliation, it may also be simply coincidental – that is for you to decide.

Another kind of circumstantial evidence might involve evidence that the defendant became antagonistic or otherwise changed his/her demeanor toward Mr. Jackson after the defendant became aware of the plaintiff's protected activity. But again, this may be evidence of retaliation, or it may have no relationship to retaliation at all, but it is for you to decide.

In addition, you should consider whether the explanation given by Golden Nugget for its action was the real reason for its actions. If you don't believe the reason given by Golden Nugget is the real reason the defendant failed to hire Mr. Jackson you may, but are not required to, find that the Mr. Jackson has proven his case of retaliation. You are permitted to do so because, if you find Golden Nugget has not told the truth about why it acted, you may conclude that it is hiding the retaliation. However, while you are permitted to find retaliation based upon your disbelief of Golden Nugget stated reasons, you are not required to do so. This is because you may

28

conclude that Golden Nugget stated reason is not the real reason, but that the real reason is something other than illegal retaliation.

The plaintiff at all times bears the ultimate burden of proving to you that it is more likely than not that the defendant engaged in intentional retaliation. To decide whether Mr. Jackson has proven intentional retaliation, you should consider all of the evidence presented by the parties, using the guidelines I gave in the beginning of my instructions regarding evaluating evidence generally, such as weighing the credibility of witnesses. Keep in mind that in reaching your determination of whether Golden Nugget engaged in intentional retaliation, you are instructed that the defendant's actions and business practices need not be fair, wise, reasonable, moral or even right, so long as Mr. Jackson's request for a reasonable accommodation and/or alleged complaint concerning the failure to provide him a reasonable accommodation did not play a role and make an actual difference in Golden Nugget's failure to hire him.

Mr. Jackson need not prove that his request for a reasonable accommodation and/or alleged complaint concerning the failure to provide him a reasonable accommodation was the sole or exclusive consideration, but that his disability made a difference in Golden Nugget's decision to not

hire him.

I remind you that the ultimate issue you must decide is whether Golden Nugget engaged in illegal retaliation against Mr. Jackson by failing to hire him and that he has the burden to prove that retaliation occurred.

## DAMAGES

I am now going to instruct you on damages.   Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Golden Nugget should be held liable.

### A. Compensatory Damages

If you find by a preponderance of the evidence that Golden Nugget violated Mr. Jackson's rights by not hiring him because of his disability, for requesting an accommodation, or in retaliation for his alleged complaints about Trump Marina's denial of his request to chew gum and drink water while working, then you must consider the issue of compensatory damages.

You must award Mr. Jackson an amount that will fairly compensate him for any injury he actually sustained as a result of Golden Nugget conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Mr. Jackson in the position he would have occupied if the discrimination or retaliation had not occurred. Mr. Jackson has the burden of proving damages by a preponderance of the evidence.

Mr. Jackson must show that the injury would not have occurred without Golden Nugget conduct.   Mr. Jackson must also show that Golden

31

Nugget act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Golden Nugget act. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether Golden Nugget actions were motivated by discrimination. In other words, even assuming that Golden Nugget's actions were motivated by discrimination or retaliation, Mr. Jackson is not entitled to damages for an injury unless Golden Nugget discriminatory or retaliatory actions actually played a substantial part in bringing about that injury.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Mr. Jackson experienced as a consequence of Golden Nugget allegedly unlawful act. No evidence of the monetary value of such intangible things as pain and suffering has been, or

32

need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Mr. Jackson would have earned, either in the past or in the future, if he had been hired by Golden Nugget. These elements of recovery of wages that Mr. Jackson would have received from Golden Nugget are called "back pay" and "front pay". Under the applicable law, the determination of "back pay" and "front pay" is for the Court.

As I instructed you previously, Mr. Jackson has the burden of proving damages by a preponderance of the evidence. But the law does not require that Mr. Jackson prove the amount of his losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit. You are instructed that Mr. Jackson has a duty under the law to "mitigate" his damages--that means that Mr. Jackson must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by Golden Nugget. It is Golden Nugget burden to prove that Mr. Jackson has

failed to mitigate. So if Golden Nugget persuades you by a preponderance of the evidence that Mr. Jackson failed to take advantage of an opportunity that was reasonably available to him, then you must reduce the amount of Mr. Jackson's damages by the amount that could have been reasonably obtained if he had taken advantage of such an opportunity.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

## B. Nominal Damages

If you return a verdict for Mr. Jackson, but Mr. Jackson has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to the recognition of that violation, even if he suffered no actual injury.   Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

34

## DAMAGES ADMONITION

Of course, the fact that I have given you instructions concerning the issue of plaintiff's damages should not be interpreted in any way as an indication that I believe that plaintiff should, or should not, prevail in this case.

## DUTY TO DELIBERATE

When you reach a verdict in this case, whether for Plaintiff or for Defendants, it must be unanimous or where at least 7 of you agree on the verdict. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because others may think differently or merely to get the case over with.

Remember, that in a very real way you are judges --judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## SELECTION OF FOREPERSON AND JURY VERDICT FORM

When you go to the jury room to begin considering the evidence in this case, I suggest that you first select one of the members of the jury to act as your foreperson.   This person will help to guide your discussions in the jury room.   Once you are there, if you need to communicate with me, have your foreperson write down your message or question and pass the note to the Marshal or CSO who will bring it to my attention.   I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.   I caution you, however, with regard to any message or question you might send, that you should not tell me how the jury stands on any issue at the time.

I want to read to you now what is called the "Jury Verdict Form." This is simply the written notice of the decision that you reach in this case, whether it is for the Plaintiff or for the Defendants.   (Jury Verdict Form is read).

When you have reached a verdict, have the foreperson sign the verdict form, date it, and inform the Marshal or CSO in attendance that you have reached your verdict and wish to return to the courtroom.