# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL JACKSON, | : | |
| Plaintiffs, | : | Hon. Joseph H. Rodriguez |
| v. | : | |
| | | Civil Action No.  13-1605 |
| TRUMP ENTERTAINMENT RESORTS, INC.; TRUMP ENTERTAINMENT RESORTS HOLDINGS, LP; TRUMP MARINA ASSOCIATES, LP; GOLDEN NUGGET RESTAURANTS, INC.; GOLDEN NUGGET GAMING, INC.; and GOLDEN NUGGET A/C GAMING, INC. | : : : : : : | ORDER |
| Defendants. | : | |

# JURY INSTRUCTIONS
## Punitive Damages

## INTRODUCTION

You will now consider the issue of punitive damages. Specifically, you must first decide whether to award punitive damages against Golden Nugget and, if you decide to do so, what amount must be awarded.

## 1. INTENT OF PUNITIVE DAMAGES

You may award punitive damages to Mr. Jackson only if you find that he has proved certain additional matters.

The purposes of punitive damages are different from the purposes of compensatory damages. Compensatory damages are intended to compensate Mr. Jackson for the actual injury or loss he suffered as a result of Golden Nugget's discriminatory or retaliatory conduct.  In contrast, punitive damages are intended to punish a wrongdoer and to deter the wrongdoer from similar wrongful conduct in the future.  Punitive damages are designed to require the wrongdoer to pay an amount of money that is sufficient to punish Golden Nugget for particular conduct and to deter that party from future discriminatory and/or retaliatory conduct. Punitive damages are not to be awarded as a routine matter in every case; they are to be awarded only in exceptional cases, to punish a party who/which has acted in an especially egregious or outrageous matter and to discourage that party from engaging in similar discriminatory and/or retaliatory conduct in the future.  Therefore, Mr. Jackson is not entitled to punitive damages simply because you have found that Golden Nugget engaged in specific conduct or because you have awarded damages to compensate Mr. Jackson for his injury. You may award punitive damages to Mr. Jackson only if you find that Mr. Jackson has proved certain additional matters.

To support an award of punitive damages here, you must find that Mr. Jackson has proved, by clear and convincing evidence, that the injury, loss, or harm suffered by Mr. Jackson was the result of Golden Nugget's acts or omissions and that either (1) Golden Nugget's conduct was malicious or

(2) Golden Nugget acted in wanton and willful disregard of Mr. Jackson's rights.  Malicious conduct is intentional wrongdoing in the sense of an evil-minded act. Willful or wanton conduct is a deliberate act or omission with knowledge of a high degree of probability of harm to another who foreseeably might be harmed by that act or omission and reckless indifference to the consequence of the act or omission.

The standard of "clear and convincing evidence", which I mentioned above, means evidence which leaves no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.  This is different – and less – than proof beyond a reasonable doubt.  This is also different – and more – than a preponderance of evidence to support an award of punitive damages.

In determining whether to award punitive damages, consider all relevant evidence, including but not limited to the following: (1) the likelihood, at the relevant time, that serious harm would arise from Golden Nugget's conduct; (2) Golden Nugget's awareness or reckless disregard of the likelihood that such serious harm would arise from Golden Nugget's conduct; (3) consider the conduct of Golden Nugget upon learning that his/her/its initial conduct would likely cause harm; and (4) consider the duration of the conduct or any concealment of that conduct by Golden Nugget.

## 2.  PUNITIVE DAMAGES AGAINST EMPLOYER

You must first decide whether an award of punitive damages is justified against Golden Nugget in this case.  To award punitive damages against Golden Nugget, you must find that both of the following factors are present:

First, you must find that the discrimination and/or retaliation was "especially egregious."  If you do not find that the discrimination and/or retaliation was especially egregious, then you must not award punitive damages.  In a moment, I will define "especially egregious" behavior.

Second, if you do find that the discrimination and/or retaliation was especially egregious; you must then also find that at least one of Golden Nugget's "upper management" employees actually

participated in, or was willfully indifferent to, the wrongful conduct.

You cannot award punitive damages against Golden Nugget unless there was some involvement by a member of its upper management.

### "Especially Egregious" Conduct

"Especially egregious" conduct is conduct that was motivated either by actual malice or that was done with a willful and wanton disregard of the rights of the plaintiff. "Actual malice" means that the individual discriminator(s) engaged in intentional wrongdoing in the sense of an evil-minded act designed, intended and done specifically to injure the plaintiff. "Willful and wanton disregard of the rights of the plaintiff" means that the individual(s) deliberately acted with knowledge of a high degree of probability of harm to the plaintiff, and reckless indifference to the consequences of that act.

In making your determination as to whether the discriminatory and/or retaliation conduct of the individual discriminator(s) was especially egregious or outrageous, you must consider all of the evidence surrounding the wrongful conduct, including:

1. the likelihood that serious harm would arise from the discrimination and/or retaliation;

2. individual discriminator's awareness or reckless disregard of the likelihood that serious harm would arise;

3. individual discriminator's conduct after learning that his/her initial conduct would likely cause harm; and

4. the duration of the wrongful conduct and any concealment of that conduct by the individual discriminator(s).

You may not award punitive damages based solely on a finding of negligence or even gross negligence by the individual discriminator(s) and/or retaliators. You may not award punitive damages solely because you have determined that discrimination/or retaliation occurred. Rather, as I have said, punitive damages are to be awarded only in those exceptional cases where the

discrimination and/or retaliation was especially egregious or outrageous.

### "Upper Management"

The second factor you must find is that at least one of Golden Nugget's "upper management" employees was involved with the discrimination and/or retaliation. In a moment I will define the kind of involvement that you must find occurred. As an initial matter, though, you must decide whether certain of Golden Nugget's employees were part of its "upper management". Specifically, plaintiff contends that Mr. Browne and Ms. Lew were members of Golden Nugget's "upper management" who had some involvement with the wrongdoing at issue.

To decide whether those employees of Golden Nugget were part of its upper management, you must consider this: the purpose of defining "upper management" is to give employers the incentive to provide voluntary compliance programs and to insist on the effective enforcement of their programs. The employees who acted wrongfully must have had sufficient authority to make the imposition of punitive damages fair and reasonable.

Clearly, upper management includes a corporation's board of directors and its highest-level executive officers. Upper management will also include those employees responsible to formulate the corporation's anti-discrimination policies, provide compliance programs and insist on performance of such programs, and those employees to whom a corporation has delegated responsibility to execute its policies in the workplace, who set the atmosphere or control the day-to-day operations of the unit. This group may include heads of departments, regional managers, or compliance officers.

Not all managerial employees, however, constitute "upper-level" management. To decide which employees below the highest levels of management are included in "upper management", you must analyze, weigh, and consider all of the surrounding facts and circumstances.

For an employee on the second tier of management to be considered a member of "upper management," the employee should have either (1) broad supervisory powers over the involved employees, including the power to hire, fire, promote and discipline, or (2) the delegated responsibility to execute the employer's policies to ensure a safe, productive and discrimination-free workplace.

If you decide that none of the employees identified by Mr. Jackson as acting wrongfully were part of upper management of Golden Nugget, you cannot award punitive damages. If you decide that the employees identified by Mr. Jackson were part of the upper management of Golden Nugget, you must then consider whether any of those upper management employees actually participated in, or were willfully indifferent to, the discrimination and/or retaliation that occurred.

### "Actual Participation"

To find that upper management "actually participated" in wrongful conduct, you must find that upper management employees not only knew about the wrongful conduct but also engaged in affirmative acts to accomplish that wrongful conduct. This factor would be satisfied, for example, if you find that Mr. Browne and/or Ms. Lew are a members of Golden Nugget's upper management, or if you find that a member of upper management affirmatively assisted or otherwise participated directly in Mr. Browne's and/or Ms. Lew's wrongdoing.

### "Willful Indifference"

To find "willful indifference" to wrongful conduct on the part of upper management, you must find that upper management employees knew about the wrongful conduct, but chose to disregard or ignore it rather than stop it. In other words, you cannot award punitive damages against Golden Nugget simply because upper management employees may have been negligent in failing to learn of or reasonably respond to the allegations of discrimination and/or retaliation you must instead find that

upper management employees actually knew about those allegations and consciously chose to ignore them.

In summary, to award punitive damages against Golden Nugget, you must find by clear and convincing evidence both that members of upper management engaged in especially egregious conduct, and that the upper management of Golden Nugget either actively participated in the wrongful conduct or was willfully indifferent to it.